# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER KEITH LUNSFORD,      )
     )
       Plaintiff,      )
     )
         v.      )         1:21CV523
     )
UNITED STATES DEPARTMENT      )
OF JUSTICE, et al.,      )
     )
       Defendants.      )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon several motions: (1) Plaintiff's Motion for Entry

of Default (Docket Entry 7); (2) Defendants' Motion to Dismiss (Docket Entry 9); (3)

Plaintiff's Motion for Order Compelling Production and for Sanctions Under 5 U.S.C.

552(a)(3) (Docket Entry 15); and Defendants' Motion for Summary Judgment (Docket Entry

20). These motions are now ripe. For the reasons stated herein, the undersigned recommends

denying Plaintiff's motion for entry of default, granting in part and denying in part Defendants'

motion to dismiss, denying Plaintiff's motion for order compelling production and for

sanctions, and granting Defendants' motion for summary judgment.

## I.       BACKGROUND

Pro se Plaintiff Roger Keith Lunsford ("Plaintiff") initiated this action with a

Complaint filed in the United States District Court for the Western District of North Carolina

on June 16, 2021. (*See generally* Complaint ("Compl."), Docket Entry 1.) This matter was

transferred to the United States District Court for the Middle District of North Carolina on

June 25, 2021. (*See id.*) In his Complaint, Plaintiff brings a claim under the Freedom of Information Act ("FOIA") against the United States Department of Justice, The United States Attorney's Office ("USAO") for the Middle District of North Carolina, the Federal Bureau of Investigation ("FBI") (Charlotte, NC Field Office), and the Federal Bureau of Investigation (Greensboro, NC Field Office). (Compl. at 2-3.)[1] Though Plaintiff filled out a form titled "Complaint for Violation of Civil Rights" and designated his action as a *Bivens* action, Plaintiff's allegations all relate to his request for documents under FOIA. (*See generally* Compl.)

Plaintiff alleges that after he was convicted of armed bank robbery and carrying, brandishing, or using a firearm during a crime of violence in 2014, he was sentenced to 490 months imprisonment. (*Id.* at 14.) Plaintiff's FOIA request seeks records related to his criminal case, including a copy of the bank surveillance tape from the bank robbery, a copy of Plaintiff's "Financial Summary Report" compiled by the U.S. Parole Officer, the "Home Map" listing the adults living in Plaintiff's home in April 2013, a copy of the jail visitation tapes of Plaintiff, a copy of Plaintiff's "workbook" including his business records and all other financial records and documents, a copy of records compiled by the FBI or USAO on the recovery of red dye-stained money linked to bank robberies in Concord and Clemmons, a copy of all records of communications between the state of North Carolina concerning Plaintiff's prosecution, a copy of records compiled by federal investigative/prosecutorial agencies prosecuting Plaintiff, and a copy of an Assistant United States Attorney's ("AUSA") disciplinary record. (*Id.* at 20-21.)

---

[1] Unless otherwise noted, all citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Plaintiff alleges that in January 2018, he made formal FOIA requests to the USAO for the Middle District of North Carolina, the FBI Field Office in Greensboro, NC and the FBI Field Office in Charlotte, NC, seeking the identity of the FBI agent who may have possession, custody, and control of the records Plaintiff seeks. (*Id.* at 15.) On February 25, 2018, Plaintiff appealed Defendants' failure to respond to his FOIA request within 20 working days. (*Id.*) Then on January 15, 2019, Plaintiff made formal FOIA requests to the Executive Office of United States Attorneys ("EOUSA") as required by the Department of Justice. (*Id.*) The Department of Justice responded to Plaintiff's FOIA request, assigned him a tracking number, and assigned his request to the complex track, noting that complex requests take longer to complete than simple requests. (*Id.* at 16.) Plaintiff appealed this designation, and the Department of Justice denied this request. (*Id.*) Plaintiff alleges that he requested a status update on his FOIA request on March 19, 2020 and received no response. (*Id.*) Then on November 16, 2020, Plaintiff provided the Department of Justice with his final notice that failure to respond to his request would result in a lawsuit. (*Id.* at 17.) On January 29, 2021, the Department of Justice responded that no adverse determination had been made as to his original request, so his appeal could not be considered. (*Id.*) Finally on June 16, 2021, Plaintiff filed a lawsuit regarding his unanswered FOIA request. (*See id.*) Through this action, Plaintiff seeks a court order requiring Defendant to produce his records, an injunction ordering Defendant to produce the requested records, a court order that Defendant expedite processing, award Plaintiff for reasonable costs, litigation expenses, and attorney fees associated with the litigation. (*Id.* at 30-31.)

3

## II.    DISCUSSION

### a. Plaintiff's Motion for Entry of Default

The Complaint in this matter was filed in the United States District Court for the Western District of North Carolina on June 16, 2021 and was transferred to this District on June 25, 2021. (*See generally* Compl.)  On that same day, the matter was referred for screening, though it was no longer referred for screening on August 24, 2021.  The summonses in this matter were issued before this matter was transferred from the Western District of North Carolina to this District. (*See* Docket Entry 2.)  The summonses were executed on June 21, 2021 and were returned to the Western District executed as to all Defendants on June 29, 2021. (*See* Docket Entry 6.)  The summonses were docketed as executed as to all Defendants in this District on August 20, 2021.  (*See id.*)

Then, on September 13, 2021, Plaintiff filed a motion for entry of default, asserting that he was entitled to entry of default because Defendants failed to plead or otherwise respond to his Complaint within 60 days.  (Docket Entry 7.)  Defendants responded on September 17, 2021 by filing a motion to dismiss Plaintiff's Complaint, a motion for an extension of time to respond to Plaintiff's Complaint, and a response in opposition to Plaintiff's motion for entry of default.  (Docket Entries 9, 11, and 12.)  In their response brief, Defendants assert that their failure to timely respond to Plaintiff's Complaint was inadvertent and based on confusion resulting from the transfer of this case from the Western District of North Carolina and the good faith belief that the screening referral would result in action from the Clerk or the Court that would impact Defendants' responsive pleading deadline.  (Docket Entry 12; *see also* Lynn P. Klauer Declaration, Docket Entry 12-1.)  Plaintiff again raises

4

arguments about entry of default in his motion to compel production and for sanctions (Docket Entry 15) and Defendants again oppose entry of default in their response brief (Docket Entry 19).[2]

Entry of default is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Additionally, pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend against the allegations in the complaint. Fed. R. Civ. P. 55(b)(2). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.,* 616 F.3d 413, 417 (4th Cir. 2010). "A court must 'exercise sound judicial discretion in deciding whether to enter default judgment, and 'the moving party is not entitled to default judgment as a matter of right." *Reynolds Innovations, Inc. v. E–CigaretteDirect LLC,* 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012) (citation omitted).

Here, the undersigned determines that Defendants failed to file a timely response to Plaintiff's Complaint due to a good faith mistake regarding screening. When a plaintiff in this District files a motion to proceed *in forma pauperis,* the Clerk's office typically refers the matter for screening, where the Court determines whether or not the case meets the standards of 28 U.S.C. § 1915 and can proceed in this Court. *See* 28 U.S.C. § 1915; *see e.g. Emrit v. Reverbnation, Inc.,* No. 1:14CV1014, 2014 WL 7185906, at *1 (M.D.N.C. Dec. 16, 2014), *report and*

---

[2] To the extent that Plaintiff focuses on Defendants' purported wavier of service, the docket reflects that Defendants accepted service on June 21, 2021. (Docket Entry 6.)

*recommendation adopted sub nom. Emrit v. Reverb Nation, Inc.*, No. 1:14-CV-1014, 2015 WL 13122882 (M.D.N.C. Jan. 29, 2015). Then, if the case is permitted to proceed, the Court instructs the Marshals to effectuate service of process on the defendant. Here, it appears from the docket that Plaintiff paid the filing fee in the Western District of North Carolina before the case was transferred to this District and that the Western District of North Carolina issued the summonses. Then, the case was transferred, and it appears from the docket that the Clerk's office erroneously referred this matter for screening. Based on this error, Defendants waited for a decision from the Court before responding to Plaintiff's Complaint. The undersigned determines that this error was not made in bad faith. Further, just four days after Plaintiff filed his motion for entry of default, Defendants filed a motion to dismiss and a response in opposition to Plaintiff's motion. For these reasons and based upon the Court's interest in resolution of issues on the merits, the undersigned recommends denying Plaintiff's motion for entry of default.

### b. Defendants' Motion to Dismiss

Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and a brief in support of that motion, seeking to dismiss Plaintiff's purported *Bivens* claim and Plaintiff's claim for attorney's fees because Plaintiff is a pro se litigant. (Docket Entries 9, 10.) In his response brief, Plaintiff concedes that he did not intend to bring a *Bivens* action but contests Defendants' attempt to dismiss his FOIA claim based upon the fact that he erroneously labeled his FOIA action as a *Bivens* action, and he asserts that he is not barred from recovery of attorney's fees. (Docket Entry 14.) Defendants filed a reply brief. (Docket Entry 18.)

6

A motion under Rule 12(b)(1) raises the question "whether [plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The plaintiff bears the burden of establishing subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). When evaluating a Rule 12(b)(1) motion to dismiss, a court may consider evidence outside the pleadings and should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (citing *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) raises the question of whether the plaintiff's complaint or pleadings are legally sufficient. In other words, a 12(b)(6) motion to dismiss should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). As explained by the Supreme Court,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it

7

asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

First, Defendants assert that Plaintiff has filed this action as a *Bivens* claim and that his *Bivens* claim must be dismissed because federal courts lack subject matter jurisdiction over *Bivens* claims asserted against federal officials acting in their official capacity. (Docket Entry 10 at 6-8.) Plaintiff responds that the Clerk's office sent him the wrong form and that he erroneously checked the box for a *Bivens* claim but intended to file his claim under FOIA, not as a *Bivens* action. (Docket Entry 14 at 2.)

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted). "That duty extends to recharacterizing a filing to which a pro se litigant has attached the wrong label, allowing courts to 'avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.' " *United States v. Brown*, 797 F. App'x 85, 89–90 (4th Cir. 2019) (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003)). Further, when a pro se litigant mislabels his suit, the court "determine[s] the true nature of such filings by looking to the document's substance, not its caption." *Id.* at 90 (internal citations omitted).

Here, while Plaintiff did check a box labeling his Complaint as a *Bivens* action, it is clear from the substance of the Complaint that Plaintiff intended to bring his claim under FOIA.

8

(*See* Compl.) Plaintiff repeatedly references FOIA and part of the remedy he seeks is receipt of the documents he allegedly requested through FOIA prior to filing this lawsuit. (*See generally id.*) Thus, the undersigned construes Plaintiff's claim as FOIA claim, not a *Bivens* claim. Because Plaintiff's claim is construed as a FOIA claim, Defendants' motion to dismiss this claim should fail.

Plaintiff's Complaint also seeks an award of "reasonable costs, litigation expenses, and attorney fees associated with litigation . . . ." (*Id.* at 20.) Defendants seek to dismiss this claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, asserting that Plaintiff is not entitled to attorney's fees as a pro se litigant. (Docket Entry 10 at 8.)

The Supreme Court has held that pro se litigants are not entitled to attorney's fees under a fee shifting provision. *Kay v. Ehrler*, 499 U.S. 432, 438 (1991). Because Plaintiff is a pro se litigant, the undersigned recommends dismissing his claim for attorney's fees. Thus, the undersigned recommends granting in part Defendants' motion to dismiss as it relates to Plaintiff's claim for attorney's fees and recommends denying in part Defendants' motion to dismiss as it relates to Plaintiff's FOIA claim.

### c. Motion for Order Compelling Production and for Sanctions Under 5 U.S.C. 552(a)(3)

Plaintiff has also motioned the Court for an order compelling production and for sanctions under 5 U.S.C. § 552(a)(3), seeking an order compelling Defendants to produce records requested in paragraph 38 of his Complaint and public records requested by Plaintiff. (Docket Entry 15 at 1.) Plaintiff also asks the Court to establish sanctions, including default judgment, in the event that Defendants do not comply with an order compelling production.

9

(Docket Entry 15 at 2.) Defendants filed a brief in opposition to this motion. (Docket Entry 19.)

Federal Rule of Civil Procedure 26 provides general rules regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). When a party fails to respond to a discovery request, the party seeking discovery "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995); *Erdmann v. Preferred Research, Inc. of Georgia*, 852 F.2d 788, 792 (4th Cir. 1988).

Here, Plaintiff seeks to obtain a motion compelling Defendants' production of documents prior to the entry of a scheduling order and without alleging that he made any discovery request to Defendants. Thus, the undersigned determines that Plaintiff's motion to compel should be denied.

Plaintiff also seeks sanctions against Defendants in the event that Defendants do not comply with a court order to compel. (Docket Entry 15 at 2.)

10

Federal Rule of Civil Procedure 37(b) provides that when a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" that may include sanctions. Fed. R. Civ. P. 37(b)(2)(A). Here, because the undersigned recommends denying Plaintiff's motion to compel, the undersigned determines that sanctions are not necessary at this time. Thus, the undersigned recommends denying Plaintiff's motion for order compelling production and for sanctions.

### d. Defendants' Motion for Summary Judgment

Defendants have motioned the Court for summary judgment and filed a brief in support of that motion. (Docket Entries 20, 21.) Defendants assert that they are entitled to summary judgment because there is no genuine issue of material fact as to whether they have fully discharged their disclosure obligations in response to Plaintiff's FOIA request and because the Department of Justice and EOUSA have, in fact, fully discharged their disclosure obligations. (*See* Docket Entry 21.) Plaintiff asserts that Defendants' motion was premature and that Defendants have violated his right to due process by not providing copies of his own business records, that Defendants are not entitled to summary judgment because they have not demonstrated that each requested record has been produced or is exempt, that Defendants' *Vaughn* index and declarations and deficient, that Plaintiff lacks sufficient knowledge and information to respond, and that summary judgment is premature because there has not been adequate time to conduct discovery. (Docket Entry 24.) In their reply, Defendants argue that Plaintiff's due process rights were not violated, Defendants' response to Plaintiff's FOIA request was reasonable and appropriate, Defendants adequately addressed the items raised in Plaintiff's Complaint paragraphs 38C, 38E, and 38I to the extent a response

11

was necessary, Defendants did not release communications between the AUSA and state district attorneys because that information was privileged, and summary judgment should be granted without discovery.  (Docket Entry 25.)[3]

### i.  Standard of Review

Summary judgment is warranted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate the presence of a genuine issue of material fact which requires trial.  *Matsushita Elu: Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  When making a summary judgment determination, the court must view the evidence and justifiable inferences from the evidence in the light most favorable to the nonmoving party.  *Zahodnick*, 135 F.3d at 913.  However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider

---

[3] In addition to his FOIA claim, Plaintiff may also be attempting to bring a due process claim in his response to Defendants' motion for summary judgment.  In his Complaint, Plaintiff seeks expedited processing of his FOIA request and alleges that "further delay would compromise Plaintiff's significantly recognized 5th Amendment Due Process interests," but does not bring a due process claim.  (Compl. at 30.)  In his response brief, Plaintiff appears to bring a due process claim, stating that he "asserts his right to Due Process has been violated by not providing copies of his own business and financial records." (Docket Entry 24 at 4.)  Defendants argue that Plaintiff's due process rights were not violated and that this suit is not the proper forum to seek this redress.  (Docket Entry 25 at 3.)  To the extent that Plaintiff is attempting to bring a Due Process claim through his response brief, the undersigned notes that "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy.  *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (internal citations omitted).  Thus, any attempted due process claim fails.

"unsupported assertions" or "self-serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986).

"A valid FOIA claim requires three components: the agency must have (1) improperly (2) withheld (3) agency records. District Courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery." *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013) (internal quotations and citations omitted).

### ii. Defendants' Motion for Summary Judgment

Defendants assert that they are entitled to summary judgment because there is no genuine issue of material fact regarding whether they have fully discharged disclosure obligations in response to Plaintiff's FOIA request by conducting an adequate search that was reasonably calculated to uncover all documents responsive to Plaintiff's request. (Docket Entries 20, 21.)

Under FOIA, federal agencies must make information available to the public except where such information falls into one of the nine statutorily enumerated exceptions. *See* 5 U.S.C. § 552(b). A federal agency is entitled to summary judgment where the agency "establish[es] the adequacy of its search [for the information requested] and that any identifiable document has either been produced or is subject to withholding under an exemption." *Heily v. U.S. Dep't of Com.*, 69 F. App'x 171, 173 (4th Cir. 2003) (internal citation omitted).

> This burden may be met through affidavits explaining the manner in which the search was conducted. [Citation omitted.] An agency's affidavits must be relatively detailed and nonconclusory in order to support a FOIA exemption. *See Simmons v. United*

13

*States Dep't of Justice*, 796 F.2d 708 (4th Cir. 1986); *see also National Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 680 (D.C.Cir. 1976) (holding that conclusory and generalized allegations are unacceptable as means of sustaining the burden of nondisclosure). The court is entitled to accept the credibility of such affidavits, so long as it has no reason to question the good faith of the agency. *See Bowers v. United States Dep't of Justice*, 930 F.2d 350, 357 (4th Cir. 1991); *see also Carney*, 19 F.3d at 812 (holding that such affidavits are accorded a presumption of good faith). To prevail over this presumption, a requestor must demonstrate a material issue by producing evidence, through affidavits or other appropriate means, contradicting the adequacy of the search or suggesting bad faith. *See Miller v. United States Dep't of State*, 779 F.2d 1378, 1384 (8th Cir. 1985). When deciding whether these burdens have been met, the district court must consider everything in the light most favorable to the nonmoving party.

*Id.*

### 1. Adequacy of the Search

First, the undersigned evaluates Defendants' search for the information that Plaintiff requested in his second FOIA request.

After receiving a FOIA request, "an agency must conduct a search that is 'reasonably calculated to uncover all relevant documents.'" *Virginia-Pilot Media Companies, LLC v. Dep't of Just.*, 147 F. Supp. 3d 437, 443 (E.D. Va. 2015) (quoting *Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1246 (4th Cir. 1994)). "In judging the adequacy of an agency search for documents the relevant question is not whether every single potentially responsive document has been unearthed, but whether the agency has demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents." *Ethyl Corp.*, 25 F.3d at 1246 (internal quotations and citations omitted). To demonstrate the adequacy of the search, an agency's affidavit "must be reasonably detailed, 'setting forth the search terms and the type of search performed, and

14

averring that all files likely to contain responsive materials (if such records exist) were searched' so as to give the requesting party an opportunity to challenge the adequacy of the search." *Id.* (quoting *Oglesby v. United States Dep't of Army,* 920 F.2d 57, 68 (D.C.Cir. 1990)).

Here, Defendants have demonstrated that their search, though untimely, was adequate. Defendants have attached two declarations to their memorandum in support of their motion for summary judgment: (1) the Declaration of Justin P. Wilkinson, an attorney-advisor with EOUSA (Docket Entry 21-1, ("Wilkinson Decl.")) and (2) the Declaration of Tim Owens, Legal Assistant and FOIA Liaison for the USAO for the Middle District of North Carolina (Docket Entry 21-2, ("Owens Decl.")). In his Declaration, Wilkinson explains that he received Plaintiff's original FOIA request dated January 30, 2019 and then on April 26, 2019 he received Plaintiff's narrowed FOIA request. (Wilkinson Decl. ¶¶ 5, 8.) Wilkinson provided both requests to the USAO of the Western District of North Carolina and the Middle District of North Carolina. (*Id.* ¶ 7.) The USOA for the Western District of North Carolina informed Wilkinson that it located no records and stated that it believed the Middle District of North Carolina was the appropriate district for the search. (*Id.* ¶ 11.) On October 14, 2021, after the filing of this action, the USAO for the Middle District informed Wilkinson that it had completed its search and uploaded all potentially responsive material to the EOUSA's database. (*Id.* ¶ 16.) EOUSA processed those documents and responded to Plaintiff's request on October 29, 2021 by sending him 221 pages, "113 pages were released in full; 2 pages were removed as duplicates; 30 pages were sent for consultation to the Federal Bureau of Investigation; 59 pages were withheld in part; and 17 pages were withheld in full." (*Id.* ¶¶ 16, 17.)

Tim Owens' Declaration details his search within documents at the USAO for the Middle District of North Carolina. (*See generally* Owens Decl.) Owens states that he inadvertently neglected to respond to Plaintiff's 2019 FOIA request and did not return to the request until September 17, 2021. (*Id.* ¶¶ 4-5.) Upon receiving the September 17, 2021 request from EOUSA related to Plaintiff's FOIA request, Owens states that he took several steps to obtain any responsive documents, including emailing related employees advising them of the FOIA request and asking them to search for any responsive documents related to Plaintiff's request, searching the office electronic recordkeeping system for any records related to Plaintiff, searching CM/ECF under the last name "Lunsford" with First name "Roger" and "R", and searching emails using terms mentioned in the request, "specifically combinations of 'Lunsford,' or 'Roger,' with 'DA,' 'Cabarrus,' 'Forsyth,' 'Hall,' and 'seizure.' " (*Id.* ¶¶ 5-6.) Owens also located the physical file for Plaintiff's criminal case and the duplicate file located in the Winston-Salem office, along with trial notebooks kept by the AUSA who handled Plaintiff's criminal case. (*Id.* ¶ 7.) Owens then reviewed these documents with the AUSA who handled Plaintiff's criminal case and gathered all documents responsive to the request. (*Id.* ¶ 8.) Then, Owens informed EOUSA of the search process and the results of his search and shared the documents with EOUSA. (*Id.*)

These detailed declarations set forth the search terms and the type of search performed and have provided Plaintiff with an opportunity to challenge the adequacy of the search. Plaintiff challenges the timing of the search but does not challenge the adequacy of the search procedures. (*See* Docket Entry 24 at 8.) While the undersigned acknowledges that Plaintiff made his initial request on January 30, 2019 and did not receive responsive documents from

EOUSA until October 29, 2021, this does not make an otherwise adequate search inadequate to the extent that Plaintiff is entitled to documents not already provided.[4] Thus, the undersigned determines that Defendants' search was adequate under FOIA.

## 2. Identifiable Documents and Exceptions

Second, the undersigned must determine whether Defendants produced all identifiable documents that do not fall within an exception.

While FOIA requires federal agencies to produce identifiable documents requested by a plaintiff, FOIA also sets out nine exemptions from this disclosure requirement. *See* 5 U.S.C. 552(b). "The burden of demonstrating that a requested document falls under an exemption rests on the government. The government can meet this burden by describing the withheld material with reasonable specificity and explaining how it falls under one of the enumerated exemptions." *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004) (internal quotation and citations omitted). Specifically, the affidavit must "(1) describe the withheld documents and the justifications for nondisclosure with reasonably specific detail; (2)

---

[4] The undersigned notes that *Virginia-Pilot Media Companies* addressed a timeliness issue regarding the search for documents but ultimately its decision held that the defendants' conduct did not change the outcome because, while the information was disclosed to the plaintiff in that matter in an untimely fashion, Plaintiff was not thereafter granted access to the withheld documents. 147 F. Supp. 3d at 451-52.

Further, to the extent that the courts in *Virginia-Pilot* and *Murphy v. U.S. Customs and Border Protection* awarded the plaintiffs with fees and expenses, the undersigned finds those cases distinguishable such that an award of fees is not appropriate here. *See Virginia-Pilot*, 147 F. Supp. 3d at 451-52 (awarding the plaintiff fees where the agency's original search did not disclose all relevant documents *and* the agency was aware of other responsive documents that it did not disclose); *see also Murphy v. U.S. Customs and Border Prot.*, No. 3:15-CV-133, 2017 WL 2563230, at *4 (N.D.W. Va. June 13, 2017) (awarding the plaintiff fees where FOIA search was untimely *and* the agency did not conduct an adequate search until ordered to do so by the court).

demonstrate that the information withheld falls logically within the claimed exemption; (3) remain uncontroverted by either contrary factual evidence in the record or by evidence of agency bad faith." *Pully v. I.R.S.*, 939 F. Supp. 429, 433 (E.D.Va. 1996) (citation omitted). A plaintiff pursuing a FOIA action must "provide more than conclusory statements" in opposing an agency's motion for summary judgment. *Virginia-Pilot Media Companies*, 147 F. Supp. 3d at 444. Instead, the plaintiff "must establish that either: '(1) the *Vaughn* index does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all nonexempt material in the requested documents.' " *Id.* (citing *Carter, Fullerton & Hayes, LLC v. F.T.C.*, 601 F. Supp. 2d 728, 733 (E.D. Va. 2009)).

Here, Defendants have provided Plaintiff and the Court with a *Vaughn* index detailing the identifiable documents found during their search and the applicable exemption for all redacted or withheld documents. (*See* Wilkinson Decl. at 12-26.) In their *Vaughn* index, Defendants cite to Exemptions 5, 6, and 7. (*Id.*)

First, the undersigned examines Defendants' assertion that some identifiable documents fall under FOIA Exemption 5. "[I]nter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency" are typically not subject to FOIA requests. 5 U.S.C. § 552(b)(5). Defendants assert that the documents withheld under FOIA Exemption 5 are protected from disclosure by the attorney work product doctrine. The attorney work product doctrine provides "complete protection" to the work product that involves "mental impression[s], conclusions, opinions, or legal theories . . . concerning the litigation." *Syngenta Crop Prot., Inc. v. U.S. Envtl. Prot.*

18

*Agency*, No. 1:02CV334, 2006 WL 6654882, at *2 (M.D.N.C. Mar. 30, 2006) (citing Fed. R.

Civ. P. 26(b)(3)). In the *Vaughn* index, Defendants describe the withheld documents and the

justifications for nondisclosure, explain why the information is protected by the attorney work

product doctrine,[5] and Plaintiff has not produced any contrary factual evidence or evidence of

bad faith. While Plaintiff asserts that the information should not be protected by the attorney

work product privilege, the undersigned is not persuaded by his argument. Thus, the

undersigned determines that this information was appropriately withheld under FOIA

Exemption 5.

The undersigned also examines Defendants' assertation that some identifiable

documents fall under FOIA Exemptions 6 and 7(C) regarding privacy. "For the application

of FOIA Exemptions 6 and 7[(C)], the Supreme Court employs a balancing approach that

weighs individual privacy interests against the public interest in disclosure." *Casa De Maryland,*

*Inc. v. U.S. Dep't of Homeland Sec.*, 409 F. App'x 697, 700 (4th Cir. 2011) (citing *United States*

*Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 762 (1989); *Department of*

*the Air Force v. Rose,* 425 U.S. 352, 373 (1976)).

> [A] government agency may withhold FOIA information
> under Exemption 6 or 7(C) only if disclosure would constitute an
> "unwarranted invasion of personal privacy." However, once a
> legitimate privacy interest is implicated, the burden shifts to the
> requester to (1) "show that the public interest sought to be
> advanced is a significant one, an interest more specific than
> having the information for its own sake," and (2) "show the
> information is likely to advance that interest." *National Archives &*
> *Records Admin. v. Favish,* 541 U.S. 157, 172 (2004).

---

[5] For example, in explaining why an email was withheld under Attorney Work Product
Doctrine, the *Vaughn* index states, "An email, dated August 3, 2014, from Assistant U.S. Attorney
Graham Green to potential witnesses to Plaintiff's prosecution. This email discusses case strategy and
reflects witness trial preparation." (Docket Entry 21-1 at 23.)

19

*Id.*

Here, Defendants asserted that withheld information falls under FOIA Exemptions 6 and 7(C) because it contains the personal identifiable information, including names and faces of law enforcement, USAO staff, and other third parties. (Docket Entry 21-1 at 13-26.) Plaintiff asserts that this information is not entitled to protection because Defendants' fear of harassment is speculative, the claim of privacy is speculative, and the private parties testified in court. (Docket Entry 24 at 9.) The Fourth Circuit has held that "FBI agents, government employees, . . . and other third parties mentioned or interviewed in the course of the investigation have well-recognized and substantial privacy interests in . . . the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment . . . ." *Neely v. FBI,* 208 F.3d 461, 464-65 (4th Cir. 2000). Thus, Plaintiff's arguments fail. Further, Plaintiff has not shown that there is any public interest at issue here. As such, the undersigned determines that the personal identifiable information was appropriately withheld under FOIA Exemptions 6 and 7(C).

Finally, Defendants asserted that withheld information falls under FOIA Exemption 7(E), which protects techniques and procedures for law enforcement investigations or prosecutions. Exemption 7(E) allows an agency to withhold law enforcement records "to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). "Exemption 7(E) sets a relatively low bar for the agency to justify withholding: . . . exemption

20

7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011).

Here, Defendants invoked Exemption 7(E) with respect to: (1) a law enforcement report with photos containing the name and station identification of strategically placed bank security cameras, (2) a law enforcement report containing law enforcement theories and techniques used to prevent bank robberies and track fleeing suspects, (3) an email reporting the use red ink-stained money that demonstrates the way the law enforcement uses certain tactics to track and catch suspected bank robbers, and (4) an email that describes law enforcement techniques that are used to track and capture suspected bank robbers. Several of these documents were released in part, while some were withheld in full. (*See* Wilkinson Decl.) In their *Vaughn* index, Defendants explain how the withheld information could create a risk of circumvention of the law. (*Id.*) As such, the undersigned determines that this information was properly withheld under FOIA Exemption 7(E).[6]

### iii. Discovery

Plaintiff asserts that Defendants' motion for summary judgment is premature because the parties have not had sufficient time to engage in discovery. (Docket Entry 24 at 18.) Defendants respond that summary judgment should be granted without discovery because discovery is the exception in FOIA cases and the facts that Plaintiff takes issue with are immaterial to the cause of action he has asserted. (Docket Entry 25 at 12-13.)

---

[6] To the extent that Plaintiff's Complaint seeks to expedite Defendants' response to his FOIA request, the undersigned determines that this request is now moot because Defendants have illustrated that they have produced the relevant, non-exempt information requested by Plaintiff.

21

"It is well established that discovery is rare in FOIA cases." *Cole v. Rochford*, 285 F. Supp. 3d 73, 76 (D.D.C. 2018); *see also Heily*, 69 F. App'x at 174 ("It is well-established that discovery may be greatly restricted in FOIA cases."). Before deciding whether discovery is needed in a FOIA case, courts typically assess the agency's affidavits submitted in support of its motion for summary judgment to determine whether the affidavits are reasonably detailed and submitted in good faith. *See Cole*, 285 F. Supp. 3d at 77. "[D]iscovery should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." *Pinson v. U.S. Dep't of Just.*, 55 F. Supp. 3d 80, 82 (D.D.C. 2014) (internal quotations and citation omitted). "When the courts have permitted discovery in FOIA cases, it generally is limited to the scope of the agency's search and its indexing and classification procedures." *Heily*, 69 F. App'x at 174 (citations omitted).

As discussed herein, the undersigned is satisfied that Defendants' declarations are reasonably detailed and submitted in good faith and no factual disputes regarding Defendants' search and indexing and classification procedures remain. Thus, discovery is not appropriate in this instance.

For these reasons, the undersigned will recommend that Defendants' motion for summary judgment be granted.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Entry of Default (Docket Entry 7) be **DENIED.**

22

**IT IS FURTHER RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 9) be **GRANTED** as to Plaintiff's claim for attorney's fees and **DENIED** as to Plaintiff's remaining claim.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Order Compelling Production and for Sanctions Under 5 U.S.C. 552(a)(3) (Docket Entry 15) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Defendants' Motion for Summary Judgment (Docket Entry 20) be **GRANTED.**

_____
Joe L. Webster
United States Magistrate Judge

September 1, 2022
Durham, North Carolina